IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KRISTIN GULLIDGE,

      Plaintiff,

vs.                           CASE NO.: 1:17-cv-00150-MW-GRJ

FIDUS PARALOGISTICS LLC.,
DJB/A GEMINI TRANSPORT, a
Florida For Profit Corporation, and
JOHN-JOHN MADAMBA,
individually,

      Defendants.

_____/

### DEFENDANT'S MOTION FOR SCHEDULING ORDER AND STAY OF PROCEEDINGS AND SUPPORTING MEMORANDUM OF LAW

Defendants, pursuant to Rules 1 and 16, Federal Rules of Civil Procedure, move for a scheduling order tailored to meet the particular circumstances of this case which is based on the Fair Labor Standards Act ("FLSA"), consistent with the just, speedy, and inexpensive administration of justice, as follow:

1.     This case is for unpaid wages under the FLSA. The Complaint alleges that Plaintiff was employed as a non-exempt office manager and that she was not paid overtime for all the overtime hours worked.

2.     An unpaid wages claim under the FLSA with identifiable damages is

exactly the type of claim susceptible to successful early resolution.  To engage in early settlement discussions and avoid needless litigation and discovery, Defendant requests that this Court adopt a Scheduling Order consistent with the FLSA Scheduling Order that has been previously issued by this Court.

3.     Due to the nature of FLSA cases where the plaintiff's wages due can be de minimis while the attorney fees for both parties are significant, Florida district courts including this Court have routinely issued FLSA Scheduling Orders "designed to require the parties to exchange basic information and engage in settlement discussions early in the case to avoid needless litigation and discovery." Dougan v. Armitgage Plumbing, LLC, 2011 WL 5983352 at *n.1 (M.D. Fla. Nov. 14, 2011).

4.     Based on defense counsel's experience, FLSA Scheduling Orders have been extremely effective in resolving nearly all FLSA cases early on in the case without the incurrence of significant attorneys fees on both sides.  Moreover, a stay of the filing of the responsive pleading pending the parties' compliance with the FLSA schedule has allowed the parties to better focus their time and resources on early settlement efforts.

5.     Pursuant to the Scheduling Order, Plaintiff shall first file an answer the Court's Interrogatories under oath identifying the hours of work, rate of pay and wages paid, including overtime pay under oath; Defendant shall then file a verified

2

summary of Plaintiff's hours and wages paid and serve (but not file) a copy of all related time sheets and payroll records; and the parties shall confer in person in a good faith effort to settle all pending issues, including attorney fees and costs and then file a Report Regarding Settlement indicating whether either party requests a settlement conference before the United States Magistrate Judge, if no settlement was reached.

6.     During this time, the Scheduling Order shall stay provisions of Rule 26(a)(1) concerning the initial disclosures and filing of a case management report and further discovery.  Also, the Scheduling Order shall stay the filing of a responsive pleading to the complaint until such time as a case management report is filed.

7.     <u>CERTIFICATE OF CONFERENCE</u>.  Pursuant to Local Rule 7.1(B), counsel for Defendants has conferred with Counsel for Plaintiff, who has no opposition to the FLSA Scheduling Order requested in this motion; however, Plaintiff's counsel does not agree to the request that the filing of a responsive pleading be stayed pending the parties' compliance with the FLSA schedule.

<u>MEMORANDUM OF LAW</u>

A Scheduling Order requiring the plaintiff's early, sworn identification of wages due and the defendant's production of payroll records will facilitate the just, speedy, and inexpensive administration of justice.  <u>See</u> Rules 1 and 16, Fed. R. Civ.

3

P.  This is particularly true in a FLSA case where the plaintiff's wages due can be <u>de minimis</u> while the attorney fees for both parties are significant.  <u>See</u> <u>Mitchell v. Sammy's Inv., LLC</u>, 2007 WL 1549238 (M.D. Fla.), Slip Copy ("This is one of a plethora of cases filed in this division of the Court in which plaintiffs initially contend that they have significant wages due to them under the FLSA, only to resolve the case for a <u>de minimis</u> amount to the plaintiffs but a significant payment of attorney's fees.")

An unpaid wages claim under the FLSA with identifiable damages is exactly the type of claim susceptible to successful early resolution.  There are no unique issues in this case, and no reasons why the requested FLSA Scheduling Order and stay of the proceedings should not be issued in the interest of just, speedy and inexpensive administration of justice.  The requested FLSA Scheduling Order allows the parties to engage in detailed and thorough discussion of potential defenses and legal issues, all of which can be resolved by agreement.

WHEREFORE, Defendants request that this Court issue the requested scheduling order and stay further discovery and the filing of a responsive pleading pending the parties' compliance with the Scheduling Order, until such time as a case management report is filed.

Respectfully submitted,

/s/ Paul A. Donnelly
Paul A. Donnelly, Trial Counsel
Florida Bar No. 813613
paul@donnellygross.com
/s/ Jung Yoon
Jung Yoon
Florida Bar No. 599611
jung@donnellygross.com
Donnelly + Gross
2421 NW 41st Street, Suite A-1
Gainesville, FL 32606
Telephone: (352) 374-4001
Facsimile: (352) 374-4046

Counsel for Defendants

<u>CERTIFICATE OF COMPLIANCE AS TO WORD LIMIT</u>

I HEREBY CERTIFY that the foregoing document including the Memorandum of Law contains a total of 891 words.

/s/ Jung Yoon